**MCDERMOTT WILL & EMERY LLP**

Douglas H. Carsten (SBN 198467)
dcarsten@mwe.com
Katherine Pappas (SBN 329411)
kpappas@mwe.com
18565 Jamboree Road, Suite 250
Irvine, CA 92612
Telephone:   (949) 620-6111
Facsimile:    (949) 851-9348

Ian B. Brooks *(Pro Hac Vice)*
ibrooks@mwe.com
500 North Capitol Street, NW
Washington, DC 20001
Telephone:   (202) 756-8075
Facsimile:    (202) 591-2827

*Attorneys for Plaintiff K-fee System GmbH*

**GIBSON, DUNN & CRUTCHER LLP**

Wayne Barsky (SBN 116731)
wbarsky@gibsondunn.com
Y. Ernest Hsin (SBN 201668)
ehsin@gibsondunn.com
Christine L. Ranney (SBN 295773)
cranney@gibsondunn.com
Andrew Philip Blythe (SBN 321867)
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

*Attorneys for Defendant Nespresso USA Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K-fee System GmbH,<br><br>                              Plaintiff,<br><br>     v.<br><br>Nespresso USA, Inc., Nestlé Holdings, Inc. d/b/a Nestlé USA, Inc., and Nestlé S.A.,<br><br>                              Defendants. | Case No. 2:21-cv-3402-GW (AGRx)<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's March 12, 2024 Order advancing the previously scheduled April 22, 2024 Status Conference to March 25, 2024 [Dkt. 278], Plaintiff K-fee System GmbH ("K-fee") and Defendant Nespresso USA, Inc. ("Nespresso") (collectively with Nespresso, the "Parties") submit this Joint Status Report.

On June 17, 2022, the Court granted Nespresso's motion for summary judgment of non-infringement. [Dkt. 211]. K-fee appealed, and on December 26, 2023, the Court of Appeals for the Federal Circuit issued an Opinion and Judgment, reversing and remanding to this Court for further proceedings. Fed. Cir. No. 22-2042. On January 17, 2024, this Court granted a temporary stay [Dkt. 247] in all three of the K-fee actions pending resolution of Nespresso's anticipated petition for rehearing. Nespresso sought rehearing at the Federal Circuit on January 25, 2024. On February 29, 2024, the Federal Circuit entered an Order Denying Nespresso's Petition for Panel Rehearing and Rehearing En Banc and on March 7, 2024, issued the Mandate.

This Court requested that the Parties file a joint report on further proceedings in this matter by March 20, 2024. [Dkt. 278]. The Parties disagree regarding whether the case should proceed right away.

**K-fee's position**: K-fee submits that the Court should not enter a stay and should set a schedule to trial. On January 16, 2024, the Court granted "a *temporary* stay in all of the *K-fee* actions pending resolution of [Nespresso's] anticipated petition for rehearing in the *K-fee I* matter." Dkt. 274 (emphasis added). Subsequently, Nespresso sought rehearing, which was quickly denied, and the Federal Circuit mandate issued. Accordingly, this action must now proceed here.

The Court should reject Nespresso's efforts to further delay this action, which K-fee filed nearly three years ago. The three asserted patents here are not subject to IPR, because the Patent Trial and Appeal Board ("PTAB") denied institution for all three. And the Parties now have resolved the scope of the term "barcode."

The pending IPRs in the other two K-fee actions do not justify further delay here. "To be sure, a court is under no obligation to delay its own proceedings by yielding to ongoing PTAB patent reexaminations—even if the reexaminations are relevant to the infringement claims before the Court." *Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014). As explained in the Joint Status Report filed concurrently in *K-fee III*, that action should proceed forward to a *Markman* hearing because the PTAB has not instituted review of those patents and any institution decisions are not due until the end of June 2024. The *K-fee II* IPRs will reach final written decisions by September 2024, and any useful information from those proceedings will be available to the Parties here during the discovery period. It is completely speculative to suggest that the Court will be better positioned set a schedule after June 28, 2024.

Accordingly, this case should continue with fact discovery and proceed to trial according to the schedule presented in Exhibit A.

**Nespresso's position**: Nespresso submits that it would be most efficient for this case to remain stayed until June 28, 2024, at which point there will have been significant developments in the IPR proceedings concerning the patents asserted in the two related cases. Specifically, by April 15, 2024, the Patent Trial and Appeal Board ("PTAB") will have entered a final written decision in the first IPR concerning the patents asserted in Case No. 22-00525 ("*K-fee II*"). As a result, and as indicated in the Joint Status Report filed concurrently in *K-fee II*, the Parties agree that *K-fee II* should not proceed before at least April 15, 2024. As also indicated in the *K-fee II* Joint Status Report, Nespresso submits that *K-fee II* should remain stayed until September 13, 2024, pending final resolution of all *K-fee II* IPRs in accordance with common practice in this District. *See Versata Software, Inc. v. Configit A/S*, No. C.A. No. 20-09019-JAK(MRWx), 2022 WL 3598158, at *3 (C.D. Cal. Apr. 27, 2022) ("There is a near uniform line of authority reflecting the principle that after the PTAB has instituted

review proceedings, the parallel district court litigation ordinarily should be stayed.") (internal quotation marks and citation omitted). Furthermore, by June 28, 2024, the PTAB will have decided whether to institute IPR proceedings concerning each patent asserted in Case No. 22-09295 ("*K-fee III*"). As set forth in the Joint Status Report filed concurrently in *K-fee III*, *K-fee III* should likewise remain stayed until June 28, 2024, when the PTAB decides whether to institute the IPRs. After June 28, 2024, the Parties and the Court will be in a better position to determine a schedule that accounts for the status of all three cases, including with respect to potential consolidation should more than one case be moving forward.

Should the Court decide to lift the stay now, the Parties address below how this case should proceed to trial.

## I. DISCOVERY

The Parties agree that the case will need to continue with fact discovery, followed by expert discovery. The Parties previously agreed to follow the discovery limits set forth in the Federal Rules of Civil Procedure [Dkt. 39] and do not anticipate the need to change the limitations on discovery.

Regarding fact discovery, the Parties have exchanged multiple sets of Requests for Production ("RFPs") and Interrogatories ("ROGs"). K-fee served 43 RFPs and 13 ROGs on Nespresso. Nespresso served 49 RFPs and 12 ROGs on K-fee. Although both parties have provided initial responses to the served RFPs and ROGs, fact discovery and document production were ongoing prior to the appeal. As such, the Parties request to resume fact discovery where it left off, in addition to conducting any additional discovery needed in light of the new construction of "barcode" and new developments since the Court decided summary judgment.

### a. ADDITIONAL FACT DISCOVERY AND SUPPLEMENTAL INFRINGEMENT AND INVALIDITY CONTENTIONS

The Parties agree that fact discovery must continue where it left off. The parties have proposed deadlines for supplemental infringement and invalidity contentions limited to addressing the "barcode" limitations of the claims.

### b. ADDITIONAL EXPERT DISCOVERY AND SUPPLEMENTATION OF EXPERT REPORTS

The Parties agree that expert discovery must occur on all issues, including infringement, validity, and damages.

## II. TIMETABLE AND TRIAL ESTIMATE

The Parties jointly request a jury trial on all issues triable by jury. The Parties estimate that any trial would require five court days.

The parties jointly submit the proposals in the timetable set forth in **Exhibit A**, attached herewith.

Dated: March 20, 2024

 /s/Wayne Barsky
Wayne Barsky
Y. Ernest Hsin
Christine L. Ranney
Andrew Philip Blythe

*Attorneys for Defendant Nespresso USA, Inc.*

 /s/Douglas H. Carsten
Douglas H. Carsten
Katherine Pappas
Ian B. Brooks

*Attorneys for Plaintiff K-fee System GmbH*

# ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this Joint Status Report is submitted concur in the filing's content and have authorized the filing.

Date: March 20, 2024                              /s/ Douglas H. Carsten
                                                  Douglas Carsten

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 20, 2024, the foregoing document was filed using the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

                                    */s/ Douglas H. Carsten*
                                    Douglas H. Carsten